UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MOSES R. KIRSCHKE #384285,

    Plaintiff,

v.                                                          Case No. 2:17-CV-110

CECIL DALEY, et al.,                      HON. GORDON J. QUIST

    Defendants.
_____/

## OPINION AND ORDER ADOPTING IN PART AND MODIFYING IN PART THE REPORT AND RECOMMENDATION

Plaintiff, Moses R. Kirschke, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against nine Defendants, including Defendant Steven Williams. Defendant Williams moved for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies by not naming Defendant Williams in his Step I grievance. (ECF No. 29.) Magistrate Judge Timothy Greeley submitted a Report and Recommendation (R & R) recommending that this Court deny Defendant William's motion for summary judgment. (ECF No. 72.)

Defendant Williams filed objections to the R & R (ECF No. 79), and Plaintiff filed a single objection, based on what seems to be a clerical error (ECF No. 76). Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted with the limited modification requested by Plaintiff in his single objection.

This Court agrees with the magistrate judge's conclusion that Plaintiff's failure to comply with the MDOC policy requiring that a prisoner include "the names of all those involved in the issue being grieved," MDOC Policy Directive 03.02.130 ¶ R, does not bar Plaintiff's claim because MDOC addressed Plaintiff's grievance on the merits. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010). *See also Mattox v. Edelman*, 851 F.3d 583, 596–97 (6th Cir. 2017), reh'g denied (Apr. 6, 2017) (finding that a defendant was not entitled to summary judgment on the basis of exhaustion when the plaintiff did not name the defendant in the Step I grievance but named the defendant beginning with Step II).

Defendant Williams points to a case out of the Eastern District of Michigan and states that in that case a claim against a defendant who was not named at Step I was dismissed for failure to exhaust administrative remedies. *Itrich v. Ricumstrict*, No. 17-12495, 2018 WL 4140708, at *8-9 (E.D. Mich. Aug. 30, 2018). However, Defendant Williams fails to recognize that the defendant whose claim was subject to dismissal was not named in *any* step of the grievance process. *Id.* at *9. That is not the case here. (Step II Grievance, ECF No. 1-2 at PageID.36.)

While the Court agrees with the substance and recommendation of the magistrate judge, the Court wishes to modify the R & R for clarification. After extensive analysis and after "recommend[ing] that Defendant Williams' motion for summary judgment (ECF No. 29) be denied," in determining whether a certificate of appeal should issue, the magistrate judge stated, "that the undersigned recommends *granting Defendants'* motion for summary judgment." (ECF No. 72 at PageID.927) (emphasis added). The Court believes that this was a simple clerical error,

but the R & R should be modified to reflect that the Court is *denying* the single *Defendant's* motion for summary judgment.

Those for the reasons stated above, the Court will **deny** Defendant Williams's motion for summary judgment (ECF No. 29) and **adopt** the R & R as the opinion of this Court but **modify** the R & R to the extent that one sentence in the R & R does not comport with the substance and recommendation of the magistrate judge.

**IT IS SO ORDERED.**


Dated: November 15, 2018                             /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE