UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MOSES R. KIRSCHKE #384285,

        Plaintiff,

v.                                                                      Case No. 2:17-CV-110

CECIL DALEY, et al.,                                     HON. GORDON J. QUIST

        Defendants.

_____  ____/

## OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION

Plaintiff, Moses R. Kirschke, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming violations of his Eighth and Fourteenth Amendment rights based on the allegation that Defendants denied his requests for additional rolls of toilet paper between April 25 and May 24, 2016. Additionally, Plaintiff claims that Defendants McKechnie and Nault issued Plaintiff minor misconduct tickets that singled out Plaintiff in violation of the Fourteenth Amendment Equal Protection Clause and retaliated against Plaintiff for writing grievances in violation of the First Amendment. Defendants moved for summary judgment, and Plaintiff responded. (ECF Nos. 129, 142.) On August 22, 2019, Magistrate Judge Maarten Vermaat submitted a Report and Recommendation (R & R) recommending that this Court (1) grant Defendants' motion for summary judgment with respect to Plaintiff's Eighth, Fourteenth Amendment, and First Amendment claims that he was denied toilet paper, and (2) deny Defendants' motion for summary judgment with respect to Plaintiff's Fourteenth Amendment Equal Protection Claim and First

Amendment retaliation claims against Defendants McKechnie and Nault that he was issued minor misconduct tickets. (ECF No. 145.)

Defendants filed Objections to the portions of the R & R recommending denial of their motion for summary judgment. (ECF No. 148.) Plaintiff filed a response to Defendants' objections. (ECF No. 150.) Plaintiff also filed Objections to the portions of the R & R which recommending granting Defendants' motion for summary judgment. (ECF No. 152.) Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the Objections, Plaintiff's response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

## I. Background

Plaintiff alleges that he repeatedly requested additional rolls of toilet paper during April and May 2016 but was consistently denied additional rolls. Plaintiff testified in his deposition that every prisoner was given three rolls of toilet paper every two weeks but claimed that the three rolls were not enough for bathroom use, though he did not claim that he had any medical condition that rendered three rolls inadequate. (ECF No. 142-2 at PageID.1609-11.) Plaintiff filed grievances against the officers who did not fulfill his requests for additional toilet paper. According to Plaintiff, the officers involved retaliated against him for filing grievances by further denying him additional toilet paper.

Plaintiff also claims that he was issued minor misconduct tickets in retaliation for filing his grievances. Specifically, Plaintiff alleges that on May 6, 2016, Defendant McKechnie wrote a misconduct ticket against Plaintiff for having a roll of toilet paper on top of his locker in violation of prison rules. Plaintiff admits that he violated the rule but emphasizes that another cellmate had a bowl on top of his locker, and that cellmate did not receive a misconduct ticket. Plaintiff also alleges that on May 12, 2016, Defendant Nault wrote a misconduct ticket against Plaintiff for being in the hallway when he was not permitted to be. Plaintiff maintains that this ticket was false because Plaintiff was not on "Toplock," which requires permission to leave the cell, at the time he received the ticket. Plaintiff also states that he was walking with another inmate at the time who was on Toplock but did not receive a misconduct ticket.

## II. Plaintiff's Objections

Many of Plaintiff's Objections are spent complaining that the magistrate judge did not include every fact that Plaintiff included in his response to the motion for summary judgment. The Court has reviewed the R & R and finds that it includes all the pertinent facts for the purpose of resolving Defendants' summary judgment motion. The Court will, however, address Plaintiff's Objections to the portions of the R & R that recommended granting Defendants' motion for summary judgment.

### Eighth Amendment

Plaintiff argues that denial of toilet paper constitutes deliberate indifference because the Sixth Circuit has held that toilet paper is "a basic element[] of hygiene," such that denial of toilet paper would entitle Plaintiff to relief under the Eighth Amendment. *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991). However, Plaintiff fails to recognize the distinction between *Carver* and this case. In *Carver*, the prisoner was not given any toilet paper for the course of two weeks. *Id*.

3

Here, Plaintiff was given three rolls of toilet paper for each two-week period; he was simply denied additional toilet paper. Thus, Plaintiff's situation more closely resembles the facts of *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 488–89 (N.D.N.Y. 2009), in which the district court found that the prisoner could not make out an Eighth Amendment claim because, although the prisoner was denied toilet paper on several occasions, he did not allege that he was not given any toilet paper. Thus, the Court agrees with the magistrate judge that Plaintiff has failed to allege anything more than a temporary inconvenience, and Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

Fourteenth Amendment Due Process

Plaintiff also objects to the magistrate judge's conclusion that Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment due process claim. But the Court agrees with the magistrate judge that Plaintiff did not have a liberty interest in obtaining additional rolls of toilet paper. The relevant prison policy states: "Prisoners shall be provided *or* permitted to purchase personal hygiene items, including . . . toilet paper . . . ." (ECF No. 142-8 at PageID.1724 (emphasis added).) Plaintiff was provided toilet paper, as per policy, and he has failed to allege that he was prohibited from obtaining additional rolls through purchase.[1] Because the policy does not mandate provision of unlimited rolls of toilet paper, Plaintiff does not have a liberty interest sufficient to maintain a Fourteenth Amendment due process claim.

First Amendment Retaliation

As explained in the R & R, First Amendment retaliation claims have three elements:

(1) the plaintiff engaged in protected conduct;

---

[1] Plaintiff highlights his indigent status to explain why he did not purchase tissues to blow his nose so that he would not use as much toilet paper, but there is a difference between not having the means to purchase personal hygiene items and not being permitted to purchase those items. Plaintiff has never alleged that Defendants prohibited him from using his limited funds to purchase personal hygiene items.

(2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and
(3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Kennedy v. City of Villa Hills*, 635 F.3d 210, 217 (6th Cir. 2011) (footnote omitted) (quoting

*Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc)). Plaintiff argues, in a circular

fashion, that he filed grievances regarding the denial of requests for additional toilet paper, and

because he filed grievances, Defendants retaliated by denying further requests for additional toilet

paper. The Court agrees with the magistrate judge that Plaintiff cannot establish the causation

element. Defendants denied Plaintiff's requests for additional toilet paper both before and after

Plaintiff filed grievances, so Plaintiff cannot show that the grievances were a motivating factor in

the denial of toilet paper.

### III. Defendants' Objections

Defendants objected to the magistrate judge's recommendations that the Court deny its

motion for summary judgment with respect to Plaintiff's claims regarding the issuance of minor

misconduct tickets.

<u>First Amendment Retaliation</u>

Defendants first argue that Plaintiff cannot show that an adverse action was taken against

him because the Misconduct Summary Report that Defendants submitted with their motion for

summary judgment showed that Plaintiff did not receive any misconducts during the time period

alleged by Plaintiff. (ECF No. 131-5 at Page ID.1514.) However, Plaintiff submitted Misconduct

Reports to match his allegations that he received minor misconduct tickets on May 6 and May 12,

2016. (ECF No. 142-13 at PageID.1743, 1745.) As such, there exists a genuine issue of material

fact as to whether Plaintiff received minor misconduct tickets from Defendants McKechnie and

Nault as alleged in the Complaint.

Defendants next argue that Plaintiff failed to show a causal connection between the receipt of misconduct tickets and filing of grievances. However, Plaintiff submitted the declaration of Martise Washington, who stated under penalty of perjury, that he heard Defendant McKechnie comment: "How ironic . . . the very thing that [Plaintiff] complains and bitches about, is what's going to get him a ticket." (ECF No. 142-14 at PageID.1760.) Drawing all reasonable inferences in favor of Plaintiff, the Court finds that a rational jury could find that Defendant McKechnie's comment showed that the minor misconduct ticket was motivated by Plaintiff's protected conduct in filing grievances about the denial of toilet paper. In the same vein, Plaintiff testified at his deposition that the misconduct ticket he received from Defendant Nault was false, in that Plaintiff was not acting in contravention of policy, and Plaintiff also stated that Defendant Nault made a comment that he could "push paperwork too," which Plaintiff interpreted as Defendant Nault saying that he could write misconducts if Plaintiff was going to write grievances. (ECF No. 142-2 at PageID.1655-56.) Given Plaintiff's submitted evidence, there exists a genuine issue of material fact as to the causation element of Plaintiff's retaliation claim.

<u>Fourteenth Amendment Equal Protection</u>

Instead of addressing the merits of Plaintiff's equal protection claim, Defendants argue that they are entitled to summary judgment on Plaintiff's equal protection claim because the "class-of-one" theory first appears in Plaintiff's response to Defendants' motion for summary judgment. The Court does not agree with Defendants' characterization. While Plaintiff does not use the words "class-of-one" in his Complaint, there is no doubt that he is making an equal protection claim under that theory based on the factual allegations he advances. Plaintiff alleges that Defendants McKechnie and Nault were "selectively enforcing MDOC policy" when they gave him misconduct tickets although there were similarly situated inmates committing the same or

more egregious violations.  (ECF No. 1 at PageID.22.)  Given that *pro se* pleadings are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007), the Court finds that Plaintiff properly pled a "class-of-one" equal protection claim.

## IV.  Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED THAT** the August 22, 2019, Report and Recommendation (ECF No. 145) is **ADOPTED** as the Opinion of this Court.  Defendants' Objections (ECF No. 148) are **OVERRULED**.  Plaintiff's Objections (ECF No. 152) are likewise **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 129) is **GRANTED IN PART** and **DENIED IN PART**.  Defendants' motion is **GRANTED** with respect to Plaintiff's Eighth, Fourteenth, and First Amendment claims regarding the denial of additional rolls of toilet paper and those claims are **DISMISSED WITH PREJUDICE**. Defendants' motion is **DENIED** with respect to Plaintiff's equal protection and retaliation claims against Defendants McKechnie and Nault regarding the minor misconduct tickets.

Dated: September 30, 2019                                  /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE